IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| VEDA SMITH, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 1:21-cv-22052 |
| CLIENT SERVICES, INC., | § § § | |
| *Defendant.* | § § | |

**DEFENDANT CLIENT SERVICES, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CILENT SERVICES, INC. ("CSI"), by and through its undersigned counsel, and files its *Response to Plaintiff's Motion to Remand* as follows:

**INTRODUCTION**

1. On May 3, 2021, Plaintiff filed her Complaint in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. Doc. 1-2. Defendant was later served and timely removed the case to this Court. Doc. 1. On June 3, 2021, Plaintiff filed her *Motion to Remand*. This Response follows.

2. Plaintiff sues to enforce an alleged third-party disclosure violation of the Fair Debt Collection Practices Act ("FDCPA"). Since the Eleventh Circuit published its April 21, 2021, opinion in *Hunstein v. Preferred Collection & Mgmt. Servs.*, well over

150 identical claims have been filed across the county. 994 F.3d 1341 (11th Cir. 2021); https://www.accountsrecovery.net/hunstein-related-resource-guide/. This matter is also entirely based on a "*Hunstein* claim."

3. Plaintiff argues that a remand is warranted because CSI failed to establish jurisdiction is proper in this Court. Doc. 4. Specifically, Plaintiff claims that CSI "carries both the burden of establishing subject matter jurisdiction for purposes of this Motion to Remand and, significantly, the more particularized burden of standing at this stage of the litigation." *Id*. at 3.

4. Plaintiff is correct in stating that "on a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." *Id*. However, Plaintiff is wrong in concluding that Article III standing, and therefore subject-matter jurisdiction, has not been established. In *Hunstein*, the Eleventh Circuit devoted nearly *six full pages* to whether the plaintiff had Article III standing. *Hunstein*, 994 F.3d 1341, 1345-50 (11th Cir. 2021). The Eleventh Circuit was clear—"[W]e conclude that [Plaintiff] has the requisite standing to sue." As such, the Eleventh Circuit has confirmed that this virtually identical case has jurisdiction with this Court as well.

## STANDARD OF LAW

5. The allowance for removal of a case is clear—28 U.S.C. § 1441(a) provides that "any action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097, (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

6. Because federal courts are courts of limited jurisdiction, "[t]he party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate." *King v. Provident Bank*, 428 F. Supp. 2d 1226, 1228 (M.D. Ala. 2006); accord *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Furthermore, "federal courts have federal question jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting 28 U.S.C. § 1331).

7. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States

are ignored. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003).

## ARGUMENTS & AUTHORITIES

8. Plaintiff's argument as to why this case should be remanded is concise:

> With respect to the present matter, Defendant exercised the procedural mechanism of 28 U.S.C. § 1441(a) to remove Plaintiff's case from Miami-Dade County Court to this Court and, in so doing, invoked the jurisdiction of this Court. Indeed, Defendant is not required to establish the existence of subject matter jurisdiction, nor the subcategory of Article III standing, to exercise the removal mechanism. As the party responsible for invoking this Court's jurisdiction via the procedural mechanism of 28 U.S.C. § 1441(a), however, Defendant carries both the burden of establishing subject matter jurisdiction for purposes of this Motion to Remand and, significantly, the more particularized burden of standing at this stage of the litigation.
>
> Defendant, as the party responsible *at this stage* for bearing the burden of establishing each of the three elements of standing *and* the overarching burden of federal subject matter jurisdiction, has failed to meet these burdens.

Doc. 4 at 3. In short, Plaintiff appears to allege that CSI has failed to 1) establish, overall, that this Court has subject matter jurisdiction, and 2) establish that Plaintiff has Article III standing.

9. As for subject matter jurisdiction, Plaintiff has clearly invoked the jurisdiction of this Court by filing suit with a federal question—an alleged violation of the Fair Debt Collection Practices Act. Moreover, Plaintiff's assertion that Article III standing has not been established in this matter goes directly against Eleventh Circuit's precedent. In *Hunstein*, the Eleventh Circuit made clear that "[b]ecause (1) § 1692c(b) bears a close relationship to a harm that American courts have long recognized as

cognizable and (2) Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, *we conclude that Hunstein has the requisite standing to sue*." *Hunstein*, 994 F.3d 1341, 1348-49 (11th Cir. 2021) (emphasis added).  Plaintiff brings the exact same claim under the exact same theory.  Doc. 1-2.  As such, this Court does in fact have jurisdiction over this matter.

## CONCLUSION

10. By filing her *Complaint* and, thereafter, her *Motion to Remand*, Plaintiff is attempting to cherry-pick what she finds useful from *Hunstein* and leave the rest. Plaintiff asks this Court to find Defendant liable under the *Hunstein* ruling while at the same time asking this Court to completely ignore the Eleventh's Circuit ruling on standing in the same opinion.  In *Hunstein*, the Eleventh Circuit made clear that the exact claim and theory brought by Plaintiff gives rise to Article III standing.[1]

WHEREFORE, PREMISIS CONSIDERED, Defendant CILENT SERVICES, INC. respectfully requests that this Court deny Plaintiff's *Motion to Remand*.

/s/ Charles J. McHale
Charles J. McHale, Esq.
FBN:  0026555
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone:  (813) 251-5500
Direct:  (813) 251-3688
Fax:  (813) 251-3675
cmchale@gsgfirm.com

---

[1] Defendant asks that this Court not interpret any argument in this Response as though Defendant agrees with the Eleventh Circuit's ruling.